IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

    Petitioner,                   No. 2:12-cv-0895 KJN P

    vs.

SIGHIN, Warden,

    Respondent.                <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a). Therefore, petitioner will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis, or the appropriate filing fee.

        The court also informs petitioner that his application for a writ of habeas corpus is inadequate in several ways. First, although petitioner states that his place of confinement is the California Medical Facility ("CMF"), the "Inmate Locator" website operated by the California Department of Corrections and Rehabilitation indicates that petitioner is confined at California State Prison-Sacramento ("CSP-SAC"). Second, the proper respondent in a habeas corpus action is the warden of the institution in which petitioner is incarcerated. <u>See</u> Rule 2(a), Federal Rules

1

Governing Habeas Corpus Actions Under Section 2254; Ortiz-Sandoval v. Gomez, 81 F.3d 891 (9th Cir. 1996). However, petitioner has named as respondent "Sighan," presumably referring to CMF Warden Vimal Singh. The Warden of CSP-SAC is Tim Virga. Third, the petition indicates that petitioner may have failed to exhaust his claims before the California Supreme Court prior to instituting this action. The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). Failure to exhaust state remedies is ground for dismissal without prejudice of a federal habeas petition.

For these reasons, even if petitioner timely files an application to proceed in forma pauperis, he will then be required to file an amended petition for writ of habeas corpus. Petitioner may, alternatively, timely submit both an application to proceed in forma pauperis and an amended petition for writ of habeas corpus.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis, or the appropriate filing fee ($5.00); petitioner's failure to comply with this order will result in the dismissal of this action; and

2. The Clerk of the Court is directed to send petitioner: (i) a copy of the in forma pauperis form used by this district; and (ii) a blank petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED: April 24, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

winf0895.101a.etc.